In Re: Appeal of Thomas Nowalk and Regina Nowalk, his wife, from the decision of New Stanton Borough Zoning Hearing Board. Thomas Nowalk and Regina Nowalk, his wife, Appellants.

Argued May 5, 1982, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*Robert P. Boyer,* for appellant.

*John Campfield,* for appellee, New Stanton Borough.

*Robert Milie,* for appellee, New Stanton Borough Zoning Hearing Board.

OPINION BY JUDGE ROGERS, July 20, 1982:

The Nowalks own 6.759[1] acres of land. Between 1968 and 1970, when there were no zoning regulations affecting the land in Hempfield Township where it was located, they erected three apartment buildings, each containing eleven units, on about a third of their land. In 1972 the land became part of the chartered territory of New Stanton Borough, which did not en-

---

[1] About six and a half acres were acquired in 1967 and the remaining very small adjoining parcel was acquired in 1972.

act a zoning ordinance and map until 1974. This zoning ordinance and map placed the Nowalk property in the R-1 residential district allowing single family dwellings but forbidding multi-family uses, including townhouse structures. In 1979 the Nowalks applied for a variance which would permit them to place forbidden townhouse structures on the two-thirds of the lot which remains undeveloped. The Zoning Hearing Board refused the application. The court below affirmed without hearing additional evidence and the matter of the propriety of the Board's action is before us for review.

The Nowalks essentially contend that since they have established a lawful nonconforming multi-family use of a third part of their property they are entitled as a matter of law to a variance authorizing them to expand that use over the remaining undeveloped two-thirds of the land. The cases relating to the expansion of nonconforming uses have so recently and thoroughly been collected and put in order by Judge Craig in *Jenkintown Towing Service v. Zoning Hearing Board of Upper Moreland Township*, 67 Pa. Commonwealth Ct. 183, 446 A.2d 716 (1982) that there is little need for us here to do more than to refer the parties and other readers of this opinion to that authority.

Briefly, the doctrine of expansion of lawful nonconforming uses starts with the proposition that a municipality is without power under the Constitution to prevent an owner, subject to the principles hereinafter described, from enlarging his use to provide for its natural expansion and the accommodation of increased trade, so long as such additions would not be detrimental to public welfare, safety and health. *Gilfillan's Permit*, 291 Pa. 358, 362, 140 A. 136, 138 (1927). Open land previously devoted to a noncon-

forming use may be enclosed and the use continued in structures, as of right. *Peirce Appeal*, 384 Pa. 100, 119 A.2d 506 (1956). One who desires to expand his nonconforming use over land not previously devoted to that use must apply for and obtain a variance; hence, establish that the refusal of permission to proceed would cause him unnecessary hardship. *Mack Appeal*, 384 Pa. 586, 122 A.2d 48 (1956). An important factor in the consideration of this type of variance request is that it is for the purpose of expanding to meet the need for natural expansion and growth of trade (*Mack Appeal, supra*) or to modernize (*Silver v. Zoning Board of Adjustment*, 435 Pa. 99, 255 A.2d 506 (1969)). Subsections 1 and 2 of Section 912 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10912(1)(2), provide that one seeking a variance must show that there exist unique physical circumstances or conditions peculiar to the particular property which make the development of the property in strict conformity with zoning requirements impossible, so that a variance is necessary to enable its reasonable use.

The Nowalks therefore required a variance. We agree with the hearing judge that they failed to show any circumstances concerning, or any conditions of, their property which rendered its use as zoned impossible, thus making the requested variance necessary in order to provide a reasonable use of the undeveloped part of the property. There is no evidence that single family dwellings on the 8500 square foot lots allowed by the ordinance could not possibly be erected on the four or so undeveloped acres; indeed the only evidence advanced in support of townhouse structures was to the effect that they would be more profitable to the appellants—a clearly insuffi-

cient basis for a claim of unnecessary hardship. *See,* for example, *Glazer v. Zoning Hearing Board of Worcester Township,* 55 Pa. Commonwealth Ct. 234, 423 A.2d 463 (1980).

The declaration in *Mack Appeal, supra,* that the fact the application is for expansion of a lawful non-conforming use may be an important factor is without application here because, again, there was no evidence that the new proposed multi-family use was required to accommodate natural expansion of the existing apartment project.

Order affirmed.

ORDER

AND Now, this 20th day of July, 1982, the order of the Court of Common Pleas of Westmoreland County in the above-captioned matter is affirmed.