599 A.2d 286

Donald M. DE CRAY, Jr., and Patrick Volk De Cray; Ralph M. Cooper, Jr. and Edna W. Cooper; Stanley T. Farnish and Helen Farnish; Richard L. Myers and Catherine A. Myers; Charles G. Toomey and Carolyn Toomey

v.

ZONING HEARING BOARD OF UPPER SAUCON TOWNSHIP and Jasper A. Torchia and Fred W. Derby.

Appeal of Jasper A. TORCHIA and Fred W. Derby, Appellants.

Commonwealth Court of Pennsylvania.

Argued June 10, 1991.

Decided Nov. 15, 1991.

Joseph A. Fitzpatrick, Jr., for appellants.

Mark Malkames, for appellees.

Angelo T. Almoati, for amicus curiae.

Before SMITH and PELLEGRINI, JJ., and BARBIERI, Senior Judge.

SMITH, Judge.

Jasper A. Torchia and Fred W. Derby (collectively, Developers) appeal from the September 19, 1990 order of the Court of Common Pleas of Lehigh County which reversed the decision of the Zoning Hearing Board of Upper Saucon Township (Board) granting a variance from the Upper Saucon Township Zoning Ordinance (Ordinance) requirement that a sixty-foot buffer yard be provided along each side or rear property line adjoining a residential or commercial district boundary. On appeal to this Court, Developers contend that they established unnecessary hardship for the grant of a variance and that the trial court improperly substituted its judgment for that of the Board in concluding that its findings were not based upon substantial evidence.

Developers entered into an agreement to purchase an approximately forty acres of undivided and undeveloped tract of land located in Upper Saucon Township, Lehigh County and Springfield Township, Bucks County. The municipal boundary of both townships runs through the tract. Approximately thirty acres of the tract are located in Upper Saucon Township and approximately ten acres in Springfield Township. Developers received a conditional use approval from Upper Saucon Township to construct approximately 205 townhouses entirely in the Upper Saucon Township portion of the tract, which is located in the R–3 multifamily residential district. Section 602 of the Ordinance permits single family attached dwellings such as townhouses as a conditional use subject to approval by the township board of supervisors. The ten-acre tract in Springfield Township is located in the DD development district which permits construction of residential dwellings.

Developers filed an application with the Board for an interpretation of the provisions of the Ordinance which set forth sixty-foot buffer yard requirements and alternatively, for a variance from these requirements so that Developers could place either a thirty-foot buffer yard on the Upper Saucon Township portion, or a sixty-foot buffer yard comprised of thirty feet on the Upper Saucon Township portion

and thirty feet on the Springfield Township portion.[1] Developers contended that they will suffer undue hardship if the buffer yard is required because of the municipal boundary bisecting the tract.

The Board concluded that a sixty-foot buffer yard is required on the southernmost border of the development, but granted a variance to permit thirty feet of the buffer yard in Upper Saucon Township and thirty feet in Springfield Township. The objectors to the proposed development appealed the Board's decision to the trial court. Thereafter, Developers intervened and petitioned the trial court to order the objectors to post bond in the amount of $200,000, pursuant to Section 1003-A(d) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11003-A(d), or alternatively to strike the appeal, contending that the objectors appealed only for the purpose of delay of the proposed development.

1. Section 1704 of the Ordinance provides in pertinent part:
   1704. SPECIAL CONDITIONS FOR CONDITIONAL USES. The Township Supervisors shall approve any proposed conditional use if they find adequate evidence that the use meets all the applicable requirements indicated below and complies with other applicable provisions of this Ordinance.
   A. Multi-Family Dwellings (MFD) and Single Family Attached Dwellings (SFAD)—The following minimum requirements shall be met:
   . . . .
   6. Yards
   . . . .
   b. Buffer yards. Along each side or rear property line which adjoins a residential or commercial district boundary, a buffer yard of sixty (60) feet shall be provided. Such buffer yard shall meet the requirements of Section 1527.
   Article 15 (General Regulations), Section 1527 of the Ordinance provides in pertinent part:
   1527 BUFFER YARDS. Sixty (60) foot buffer yards are required in the R–3, C and I Districts along the district boundaries between themselves and residential districts. Buffer yards shall comply with the following standards:
   . . . .
   B. The buffer yard shall be required in the R–3, C and I Districts along the district boundaries between themselves and all residential district boundary lines in adjoining municipalities.

Subsequently, the trial court entered an order quashing the appeal as to six objectors, denied the petition for bond, and reversed the Board's grant of a variance.

■■■ This Court's scope of review in zoning cases depends upon whether additional evidence is taken by the trial court. Where the trial court does not take additional evidence, this Court reviews the decision of the Board to determine whether the Board committed an error of law or a manifest abuse of discretion. *Valley View Civic Ass'n v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983); *Upper Saucon Township v. Zoning Hearing Board of Upper Saucon Township,* 136 Pa.Commonwealth Ct. 370, 583 A.2d 45 (1990). However, where the trial court does take additional evidence, it must decide the case de novo, and this Court must determine whether the trial court committed an error of law or an abuse of discretion. *Claremont Properties, Inc. v. Board of Township Supervisors of Middlesex Township,* 118 Pa.Commonwealth Ct. 527, 546 A.2d 712 (1988). Consequently, where the trial court receives additional evidence and is required to decide the case de novo, it must set forth appropriate findings of fact to allow this Court's proper review of the trial court's decision. *Baden Borough v. Boron Oil Co.,* 6 Pa.Commonwealth Ct. 583, 297 A.2d 833 (1972). *See also* Section 1005–A of the MPC, added by Section 101 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 11005–A.[2]

**2.** The trial court's receipt of any additional factual evidence relevant to the issue on the merits of the zoning appeal, unless rejected by the trial court, is sufficient to require the trial court to make its own findings. *Pyzdrowski v. Pittsburgh Board of Adjustment,* 437 Pa. 481, 263 A.2d 426 (1970). *Accord Rogalski v. Upper Chichester Township,* 406 Pa. 550, 178 A.2d 712 (1962) (introduction of description of land, seventeen photographs, copies of the zoning ordinance and map); *Claremont Properties* (a concession made by the appellant during oral argument that the plan did not meet the requirement of the township ordinance); *Board of Supervisors of Upper Merion Township v. Wawa, Inc.,* 95 Pa.Commonwealth Ct. 263, 505 A.2d 645 (1986) (the view of the premises conducted by the trial court with knowledge of both parties and in their presence); *Lutz v. East Hanover Township Zoning Hearing Board,* 17 Pa.Commonwealth Ct. 501, 333 A.2d 229 (1975) (admission of maps, photographs and letters into evidence, prepared subsequent to the zoning board's decision).

At the outset, this Court must, therefore, determine the appropriate scope of review in this matter by examining the record to see whether the trial court took any additional evidence at the bond hearing. Recently, in *Amerikohl Mining, Inc. v. Zoning Hearing Board of Wharton Township*, 142 Pa.Commonwealth Ct. 249, 597 A.2d 219 (1991), this Court considered the question of what constitutes the type of additional evidence which requires the trial court under Section 1005–A of the MPC to make its own findings of fact on the underlying merits of a case. In *Amerikohl*, the trial court was presented with evidence of the appearance of bias of two of the zoning board members after the parties stipulated that the hearing was for the sole purpose of taking evidence of bias and would not require the trial court to decide the case de novo. On appeal, this Court held that because all of the additional evidence concerned only the issue of bias unrelated to any zoning or planning question in the case, such evidence is not the type of additional evidence compelling the trial court to decide the matter de novo.

In the matter *sub judice*, a hearing was held on June 6, 1990 to determine whether the filing of the appeal was frivolous, whether certain of the objectors had standing to appeal, and whether bond should be posted. Section 1003–A(d) of the MPC authorizes that "[a]t the [bond] hearing, evidence may be presented on the merits of the case." At hearing, Jasper Torchia, one of Developers, and Neill Dekker, Developers' engineer, testified. Additionally, exhibits were admitted into evidence including a drawing of the site plan depicting the description of the tract, and a drawing depicting the tract boundaries, municipal boundaries, location of existing streets and the objectors' property, which were all prepared for the hearing.

Jasper Torchia testified, inter alia, as to whether an application to use the Springfield Township portion of the tract for the buffer yard had been filed by Developers and as to the impact of the denial of a variance on the development stating that an additional $75,000 would be needed to

redesign the development if a variance were not granted. N.T., pp. 34, 37–42. Neill Dekker testified about the zoning requirements of Springfield Township including the buffer yard and setback requirements, as to Developers' plan on the Springfield Township portion of the tract including the number of houses which they intended to build, and as to the impact of placing the entire sixty-foot buffer yard in the Upper Saucon Township on the allowable density of the development. *Id.* at 50–56, 62–64. During hearing, the objectors' counsel repeatedly objected to the witnesses' testimony on the ground that Developers were attempting to enhance the record before the Board by presenting testimony which is directly related to the issues on the merits of the underlying zoning appeal. Nonetheless, the evidence was received by the trial court.

■ Although the trial court does not take additional testimony where the parties present a stipulation raising only legal as opposed to factual issues or where a stipulation of facts presented to the trial court is relevant solely to the legal issue in the matter, *Marple Township Appeal*, 440 Pa. 508, 269 A.2d 699 (1970); *Board of Supervisors of Greene Township v. Kuhl*, 112 Pa.Commonwealth Ct. 624, 536 A.2d 836, *appeal denied*, 520 Pa. 579, 549 A.2d 139 (1988), the live testimony of the witnesses in this case was not limited to the issue of frivolity of the zoning appeal. The evidence was directly related to the merits of the zoning appeal, i.e., whether Developers met their burden to show unnecessary hardship resulting from unique physical circumstances if a variance were not granted pursuant to Section 910.2 of the MPC, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2. Thus, the trial court received additional evidence which supplements the record made before the Board, and the trial court was therefore required to decide the matter de novo. Although remand to the trial court is not warranted where the trial court's opinion and uncontradicted evidence provide a sufficient basis for this Court's review, such is not the case here. The trial court must make its own findings of fact on the

merits of the case for this Court's proper exercise of appellate review. *See Rayel v. Bridgeton Township Zoning Hearing Board,* 98 Pa.Commonwealth Ct. 455, 511 A.2d 933 (1986).

Accordingly, the trial court's order must be vacated and this matter remanded for the trial court's de novo review based upon the record before the Board and additional evidence received by the Court at the June 6, 1990 hearing.

## ORDER

AND NOW, this 15th day of November, 1991, the order of the Court of Common Pleas of Lehigh County dated September 19, 1990 is vacated, and this matter is remanded to the court for its findings of fact and de novo review consistent with the foregoing opinion.

Jurisdiction relinquished.