645 A.2d 287

**Thomas McNALLY and Diane McNally, his wife**

v.

**William J. BONNER and Helen A. Bonner and Bensalem Township Zoning Hearing Board.**

**Appeal of William J. BONNER and Helen A. Bonner, Appellants.**

Commonwealth Court of Pennsylvania.

Argued May 9, 1994.

Decided June 20, 1994.

Richard C. Osterhout, for appellants.

Paul R. Beckert, Jr., for appellees.

William Schaefar, for amicus curiae Bensalem Tp. Zoning Hearing Bd.

Before DOYLE and NEWMAN, JJ., and NARICK, Senior Judge.

NEWMAN, Judge.

William J. and Helen A. Bonner (the Bonners) appeal an order of the Court of Common Pleas of Bucks County (trial court) which reversed the decision of the Zoning Hearing Board of Bensalem Township (Board) granting three separate variances to the Bonners.

The Bonners have owned a machine shop at 4800 Boston Avenue, Bensalem, Pennsylvania, since 1966. The machine shop, which is in an R–2 residential zoning district, is a valid nonconforming use. The Bonners also own and occupy a house directly behind the machine shop. The present controversy arose when the Bonners requested permission to build a second story addition on the machine shop. Specifically, the Bonners wanted to live above the machine shop and sell or rent their current residence. The reasons given for this request were that Mr. Bonner had recently retired, had a bad foot, and thought that living above the shop would help deter vandalism.[1]

The Bensalem Township Zoning Officer (Officer) denied the Bonners' request, concluding that the proposed use would be in violation of the Bensalem Township Zoning Ordinance

1. The machine shop has had 42 windows broken in the past five years.

(Ordinance). Specifically, the Officer determined that the proposed addition would violate: (1) Section 504.1.A of the Ordinance because the "apartment" is not a permitted use in an R–2 district; (2) Section 1300.2 of the Ordinance because the proposed addition exceeds the allowable fifteen percent expansion of a non-conforming use; and (3) Section 504.2.D.1 of the Ordinance because the front yard setback of 20.67 feet is less than the twenty-five feet required.

Thereafter, the Bonners filed a request with the Board for variances from Sections 504.1.A, 504.2.D.1, and 1300.2 of the Ordinance. The Bonners sought Board approval to continue their non-conforming front yard setback, to construct an approximately 1,488 square feet second floor addition over the existing machine shop, and to use said addition as residential living quarters.

Following a hearing, the Board granted the requested variances with the following express conditions: (1) the only persons allowed to reside in the residential apartment shall be the owner and/or operator of the machine shop business located on the first floor of the structure, and members of his immediate family; and (2) the second floor addition shall be constructed in accordance with the plans submitted as part of the application made to the Board, as the same may be changed at the direction of the Bensalem Township Council, the Township Engineer, or the Township Director of Code Enforcement. Decision and Order of the Board at 2.

On January 20, 1993, Thomas and Diane McNally (the McNallys), residents who live in the vicinity of the machine shop and who own non-adjoining property, appealed the Board's decision to the trial court. The Bonners intervened in the appeal.

Upon review of the record created before the Board, the trial court determined that there was no evidence presented which would establish that the property in question was subject to any unique physical characteristics or conditions. The trial court further determined that any hardship which might result from denying the use variance would be personal

in nature in that the Bonners will not be able to live in the place selected by them. Accordingly, the trial court concluded that the Board abused its discretion in granting the use variance and entered an order reversing the decision of the Board.[2] The Bonners presently appeal from the trial court's order.

The sole issue presented on appeal is whether the trial court erred in concluding that the Board abused its discretion in granting the variances requested by the Bonners. Where, as here, the trial court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board committed an error of law, abused its discretion or made findings of fact not supported by substantial evidence. *Kratzer v. Board of Supervisors of Fermanagh Township*, 148 Pa.Commonwealth Ct. 454, 611 A.2d 809 (1992).

As an initial matter, we note that the Bonners assert that a use variance is not required because the proposed second floor addition is a single family detached dwelling, a use permitted by the Ordinance in an R–2 residential district. A "single family dwelling" is defined in the Ordinance as a structure on a lot designed and occupied as a residence for one family. Article I, Section 105 of the Ordinance. In addition, the Ordinance defines "detached" as a structure which has no party wall. *Id.* In effect, the Bonners are suggesting that because the second floor of the structure will be used as living quarters for a single family, the entire structure fulfills the Ordinance's definition of a single family detached dwelling. We disagree.

Although under the Bonners' proposal, a portion of the structure may be a dwelling area for a single family, it is the entire structure which must meet the Ordinance definition of single family detached dwelling in order to be considered a permitted use. In this case, the structure as it currently exists is a nonconforming machine shop. Merely adding resi-

2. Because the trial court determined that the Bonners were not entitled to a use variance, it did not reach the issues presented by the expansion and setback variance requests.

dential quarters onto the second floor of this machine shop does not transform the entire structure into a single family detached dwelling. Instead, we conclude, as did the trial court, the Board, and the Officer, that the proposed addition creates a machine shop with an apartment.[3] Accordingly, we agree with the trial court that the proposed addition would be a non-conforming use, requiring the Bonners to secure a use variance.

A variance will be granted when a zoning ordinance imposes an unnecessary hardship because of unique physical circumstances or conditions peculiar to the property and the unnecessary hardship is due to such conditions. *Curtis Investment Company v. Zoning Hearing Board of the Borough of West Mifflin,* 140 Pa.Commonwealth Ct. 302, 592 A.2d 813 (1991). Unnecessary hardship justifying a grant of a variance is shown where denial of the variance would render the property practically useless. *In re Gregor,* 156 Pa.Commonwealth Ct. 418, 627 A.2d 308 (1993). Economic and personal considerations in and of themselves are insufficient to constitute hardship. *Pittsburgh Trust for Cultural Resources v. Zoning Board of Adjustment of the City of Pittsburgh,* 145 Pa.Commonwealth Ct. 503, 604 A.2d 298 (1992).

As noted previously, the reasons stated for the Bonners' request for a variance were that Mr. Bonner had recently retired, had a bad foot, and thought living above the machine shop would help to deter vandalism. With respect to Mr. Bonners' retirement and his health problem, it is clear that these considerations are personal. Moreover, it is equally clear that vandalism is merely an economic consideration and is therefore insufficient to constitute unnecessary hardship. Finally, we note that if the variance is denied, the property will not be practically useless; it can be used, as it has been utilized since 1966, as a machine shop. Therefore, we agree

---

3. An apartment is defined in the Ordinance as a portion of a structure used by an individual or family for living purposes. Article I, Section 105.

with the trial court that the Board abused its discretion in granting a use variance.[4]

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, June 20, 1994, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.

---

**4.** Because we have determined that the Board abused its discretion in granting a use variance, we need not reach the issues presented by the expansion and setback variance requests.