**TEAZERS, INC., Appellant,**

v.

**ZONING BOARD OF ADJUSTMENT OF
THE CITY OF PHILADELPHIA.**

Commonwealth Court of Pennsylvania.

Argued June 13, 1996.

Decided Aug. 28, 1996.

William B. Morrin, for Appellant.

Cheryl L. Gaston, Assistant City Solicitor, for Appellee.

Before PELLEGRINI and FRIEDMAN, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

Teazers, Inc. (Teazers) appeals from an order of the Court of Common Pleas of Philadelphia County which affirmed the decision of the Zoning Board of Adjustment of the City of Philadelphia (Board) denying its request for a variance.

Teazers operates a bar/restaurant with live entertainment at the premises located at 2001 Oregon Avenue in the City of Philadelphia (City). The entertainment provided by Teazers includes exotic dancing performed in "pasties" and "g-strings." The subject property is within C–Commercial zoning district, and the area to the north of the property is zoned R–5 Residential.

In October 1993, the City Department of Licenses and Inspections (Department) notified various liquor licensees in the City, including Teazers, that bare skin exposed by their entertainers did not conform to Section 14–1605 of the City Zoning Code (Code), and that it intended to issue orders ceasing their operations within seven days.

Under Section 14–1605 of the Code, a "cabaret" is one of "regulated uses" which are subject to special regulations as to, *inter alia*, their locations. A "cabaret" is defined as "[a]n adult club, restaurant, theater, hall or similar place which features topless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators or similar entertainers exhibiting specified anatomical areas or performing specified sexual activities." Section 14–1605(2)(d) of the Code. "A regulated use," such as a cabaret, is not permitted within 1000 feet of any other existing regulated use or within 500 feet of a residential zoning district or residentially related uses, such as public libraries. Section 14–1605(4) of the Code.

On November 16, 1993, Teazers filed an application for zoning permit for an adult cabaret. The Department denied the application, stating that the existing use as an adult cabaret violated Section 14–1605 of the Code because the property is located within 500 feet of a residential zoning district and a public library and within 1000 feet of another regulated use. Teazers appealed the Department's decision to the Board and requested a variance from Section 14–1605.

Teazers presented the following facts at the hearing before the Board. In August

1992, Teazers purchased the establishment with the current bar/restaurant/adult cabaret. Prior to 1988, the establishment existed as a bar/restaurant with live band and discotheque. In 1988, the former owner, DiGioco, Inc., converted the use to a bar/restaurant/adult cabaret, and the establishment has since been in existence with the current form of entertainment. Teazers also presented its landlord's letter addressed to the Board, which stated that due to the heavy commercial nature of the area and the continuous use of the property in the current form, there is no other feasible use of the property. The City Planning Commission recommended that Teazers' request for a variance be denied.

■ Following the hearing, the Board issued a notice of decision denying Teazers' request for a variance. On appeal, the trial court held that Section 14–1605 of the Code is preempted by the regulations of the Pennsylvania Liquor Control Board, and that the Board's decision was therefore ultra vires.[1] On appeal, this Court reversed the trial court's decisions, concluding that Section 14–1605 constitutes a proper zoning control and does not interfere with matters within the purview of the Liquor Code.[2] See 1916 Delaware Tavern, Inc. v. Zoning Board of Adjustment, 657 A.2d 63 (Pa.Cmwlth.1995). This Court then remanded the instant matter to the Board for specific findings of fact and conclusions of law as to the merits of Teaz-

ers' request for a variance. After the Board issued its Findings of Fact and Conclusions of Law upon remand, the trial court affirmed the Board's denial of Teazers' request for a variance. Teazers' appeal to this Court followed.[3]

Teazers first contends that its operation does not constitute a "cabaret" because its exotic dancers do not exhibit *all* of the specified anatomical areas enumerated in Section 14–1605(2)(e)(i) and (ii).[4] The trial court refused to consider that issue on the ground that it was not raised before the Board.

Where, as here, a full and complete record of the proceedings was made before a zoning hearing board, a party in an appeal to the trial court may not raise issues not raised before the board, unless allowed by the court upon due cause shown. Section 753(a) of the Local Agency Law, 2 Pa.C.S. § 753(a); *Seneca Mineral Co. v. McKean Township Zoning Hearing Board*, 124 Pa.Cmwlth. 389, 556 A.2d 496 (1989); *Myers v. State College Zoning Hearing Board*, 108 Pa.Cmwlth. 624, 530 A.2d 526 (1987).

In seeking a variance before the Board, Teazers stated that "the application is for the legalization of an adult cabaret" to include the specified anatomical areas listed in Section 14–1605(2)(e)(i). Teazers' Petition of Appeal. Further, Teazers' counsel stated at the hearing that Teazers' establishment "was an adult cabaret for all intents and pur-

---

1. The trial court considered Teazers' appeal with other appeals from the Board's decisions involving Section 14–1605 and issued identical orders reversing the Board's decisions in each case.

2. Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §§ 1–101—9–902.

3. This Court's scope of review in zoning cases, where, as here, the trial court did not take any additional evidence, is limited to determining whether the Board committed an error of law or a manifest abuse of discretion. *De Cray v. Zoning Hearing Board of Upper Saucon Township*, 143 Pa.Cmwlth. 469, 599 A.2d 286 (1991). The Board abuses its discretion, only if its findings are not supported by substantial evidence, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983).

4. Section 14–1605(2)(e) defines "specified anatomical areas" as:

(i) less than completely and opaquely covered
  (.a) Human genitals, pubic region;
  (.b) Buttocks; and
  (.c) Female breasts below a point immediately above the top of the areola; and
(ii) Human male genitals in a discernibly turgid state, even if completely and opaquely covered.

In its application for a zoning permit, Teazers stated that its dancers exhibit uncovered buttocks, female breasts with covered areola and nipples and opaquely covered human genital/pubic region. The application did not include the items listed in Section 14–1605(2)(e)(ii), because its dancers are presumably all female. Teazers argues that by using a conjunctive, "and," in listing the items of the specified anatomical areas in Section 14–1605(2)(e), the legislature intended to regulate as a cabaret only establishments with entertainers exhibiting all items listed therein.

poses." N.T., p. 14. Teazers never alleged before the Board that its operation does not fall within the definition of a cabaret under Section 14–1605. Teazers attempted to raise that issue for the first time on appeal to the trial court. However, the trial court refused to consider the issue in exercising its discretion under Section 753(a) of the Local Agency Law. Hence, that issue has been waived and may not be considered by this Court on appeal.[5]

■ Teazers next contends that it met all of the criteria required for granting a variance. To establish entitlement to a variance, an applicant must prove, *inter alia*, the following: (1) the zoning ordinance imposes unnecessary hardship resulting from the unique physical characteristics of the property, as distinguished from hardship arising from the impact of the zoning regulation on the entire district; (2) the alleged hardship is not self-inflicted; and (3) the requested variance will not destroy the character of the neighborhood, nor be detrimental to the public welfare. Section 910.2 of the Pennsylvania Municipalities Planning Code;[6] *Isaacs v. Wilkes–Barre City Zoning Hearing Board*, 148 Pa.Cmwlth. 578, 612 A.2d 559 (1992). An applicant's burden is a heavy one, and a variance should be granted sparingly and only under exceptional circumstances. *Appeal of Lester M. Prange, Inc.*, 166 Pa. Cmwlth. 626, 647 A.2d 279 (1994).

■ To establish unnecessary hardship, the applicant must demonstrate that due to its physical characteristics, the property cannot be used for the permitted purpose or could only conform to such purpose at a prohibitive expense, or that the property has either no value or only a distress value for any permitted purpose. *Isaacs; Davis v. Zoning Board of Adjustment*, 78 Pa.Cmwlth. 645, 468 A.2d 1183 (1983).

■ In this matter, Teazers failed to present any evidence of unique physical condi-

tions which prevented a reasonable use of the property. In fact, Teazers' own evidence showed that the property had previously been used as a bar/restaurant with live entertainment complying with the Code. Teazers' counsel conceded at the hearing that "[i]f [the City] were to stop this form of entertainment, perhaps they could get something else in there, perhaps at least a bar." N.T., p. 16.

■ Teazers may suffer reduction of income upon denial of a variance. However, such economic hardship is insufficient to establish unnecessary hardship justifying a grant of variance. *Valley View Civic Ass'n v. Zoning Board of Adjustment*, 501 Pa. 550, 462 A.2d 637 (1983); *McNally v. Bonner*, 165 Pa.Cmwlth. 186, 645 A.2d 287 (1994), *appeal denied*, 540 Pa. 585, 655 A.2d 516 (1995). Unnecessary hardship is established only where it is shown that compliance with a zoning ordinance could render the property practically useless. *Ignelzi v. Zoning Board of Adjustment of City of Pittsburgh*, 61 Pa. Cmwlth. 101, 433 A.2d 158 (1981). Teazers failed to present such evidence.

Teazers argues that because the Board granted variances to other establishments to permit them to operate cabarets, and because the community group did not object to its application at the hearing, the Board's denial of a variance is discriminatory and violates its right to equal protection.

■ Contrary to Teazers' assertion, mere lack of any objection at the hearing does not justify a grant of variance. *Vanguard Cellular System, Inc. v. Zoning Hearing Board of Smithfield Township*, 130 Pa. Cmwlth. 371, 568 A.2d 703 (1989), *appeal denied*, 527 Pa. 620, 590 A.2d 760 (1990). Further, the Board's grant of a variance in other proceedings does not establish Teazers' entitlement to a variance in this matter. It is well established that a request for variance must be decided based on its own merits on a

5. Relying on the Philadelphia Civil Rule 320(J)(3), Teazers argues that it did not waive the issue despite its failure to raise the issue before the Board because the issue is related to the validity of Section 14–1605. However, the issue of whether Teazers' operation constitutes a cabaret is related to the applicability of Section 14–1605, not its validity. Moreover, this Court in

the previous proceeding explicitly rejected Teazers' challenge to the validity of Section 14–1605.

6. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 89 of the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10910.2.

case-by-case basis. *ACS Enterprises, Inc. v. Norristown Borough Zoning Hearing Board*, 659 A.2d 651 (Pa.Cmwlth.1995), *appeal denied*, 542 Pa. 674, 668 A.2d 1136 (1995); *Vito v. Zoning Hearing Board of Borough of Whitehall*, 73 Pa.Cmwlth. 270, 458 A.2d 620 (1983). In this matter, Teazers failed to satisfy all of the required criteria for granting a variance.

■ Finally, Teazers contends that it is entitled to a variance by estoppel or a vested right[7] based on the City's failure to enforce Section 14–1605 for several years and its good-faith reliance on such nonenforcement to its detriment.

■ To establish entitlement to a variance by estoppel, the applicant must prove at the minimum (1) the municipality's failure to enforce the law over a long period of time or some form of active acquiescence of illegal use, (2) his or her good-faith throughout the proceedings, and (3) innocent reliance evidenced by substantial expenditures. *Bernie Enterprises v. Hilltown Township Zoning Hearing Board*, 657 A.2d 1364 (Pa.Cmwlth. 1995), *appeal denied*, 542 Pa. 650, 666 A.2d 1058 (1995). Other relevant factors include whether denial of a variance would impose unnecessary hardship and present a threat to public health, safety, or morals. *Id.* To establish a variance by estoppel, the party must prove all the essential elements by clear, precise and unequivocal evidence. *Lebovitz v. Zoning Board of Adjustment of City of Pittsburgh*, 87 Pa.Cmwlth. 200, 486 A.2d 1061 (1985).

■ As we have already concluded, Teazers failed to establish unnecessary hardship for granting a variance. Teazers' mere economic hardship is insufficient to establish its entitlement to a variance by estoppel. *Mucy v. Fallowfield Township Zoning Hearing Board of Washington County*, 147 Pa. Cmwlth. 644, 609 A.2d 591 (1992). Moreover, at the hearing Teazers failed to present any evidence of substantial expenditures incurred due to its reliance on the City's inaction. A

variance by estoppel cannot be granted based solely upon the municipality's delay in enforcing a zoning ordinance. *Lebovitz.* Hence, we conclude that Teazers failed to establish its entitlement to a variance by estoppel.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 28th day of August, 1996, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is affirmed.

---

7. The doctrine of vested right to use property without obtaining a variance applies only when the applicant, in good-faith reliance upon a permit issued in error, incurs significant non-recoverable costs. *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh*, 522 Pa. 44, 559 A.2d 896 (1989). Since Teazers' contention does not involve a permit issued by the City in error, the theory of vested right is inapplicable.