**Richard GULAN and Tina Gulan, Appellants**

**v.**

**ZONING HEARING BOARD OF EAST BERLIN BOROUGH and East Berlin Borough.**

Commonwealth Court of Pennsylvania.

Argued March 7, 2011.

Decided June 22, 2011.

John J. Baranski, Jr., York, for appellants.

Victor Alfred Neubaum, Jr., York, for appellee Zoning Hearing Board of East Berlin Borough.

BEFORE: McGINLEY, Judge, and COHN JUBELIRER, Judge, and LEAVITT, Judge.

OPINION BY Judge McGINLEY.

Richard Gulan (Gulan) and Tina Gulan (Mrs. Gulan) (collectively, the Gulans) appeal the order of the Court of Common Pleas of Adams County (common pleas court) that affirmed the decision of the East Berlin Borough Zoning Hearing Board (Board) that the smoker/cooker placed on the street in front of the Gulans' business was a sign and because it was placed on the sidewalk within the right-of-way it violated Section 507(1) of the East Berlin Borough Zoning Ordinance (Ordinance).[1]

Mrs. Gulan owned property located at 507 West King Street in East Berlin, Pennsylvania where the Gulans operate a barbecue restaurant known as "Hog Wild." Gulan primarily operates the restaurant. Hog Wild serves chicken and pit beef barbecue. The chicken is prepared in an outdoor smoker/cooker parked in front of the business on the sidewalk along the

---

1. Section 507(1) prohibits signs within the     "established right-of-way of any street."

curb of State Route 234 which is also known as West King Street.

Based on information received in April 2009, Robert Thaeler (Thaeler), the zoning officer for East Berlin Borough (Borough), investigated complaints about signage at 507 West King Street by reviewing the Ordinance provisions on signs and by visiting the property in May 2009. The three signs Thaeler examined were a free standing sign mounted on a pole which hung over the sidewalk, a temporary or A-frame sign, and the smoker/cooker parked on the sidewalk in front of the business. The A-frame was placed on the Gulans' property adjacent to the sidewalk. The smoker/cooker was parked on the sidewalk adjacent to the curb.

Thaeler issued a notice of violation dated June 26, 2009, to Mrs. Gulan. Sections 507(3) and 507(C) of the Ordinance limit a business to two business signs at the property. Although the notice alleged there were four signs, at the hearing, it was agreed that there were three signs. Section 507(K) of the Ordinance prohibits any temporary sign not listed specifically in Section 507(K)(3) of the Ordinance. The A-frame sign and the smoker/cooker were not listed as temporary sign uses.[2]

The Board conducted a hearing on September 22, 2009. Thaeler testified that the smoker/cooker was located within the right of way in violation of Section 507(1). Notes of Testimony, September 22, 2009, (N.T.) at 15. Thaeler concluded that the smoker/cooker was a sign and was in violation of the Ordinance. N.T. at 17. On cross-examination, Thaeler admitted that no lettering or pictures were attached to the smoker/cooker and that the smoker/cooker was on wheels. N.T. at 30. Thaeler assumed that the smoker/cooker

was used to promote the interest of Gulan's business. N.T. at 35. Thaeler also testified that the smoker/cooker had a "head with horns" attached to it. N.T. at 48.

Bob Clayton (Clayton) testified on behalf of East Berlin Borough, that he visited the restaurant in the summer of 2007, to have lunch. While there, he spoke to Gulan:

> I asked him a question because I had an interest—I had seen the cooker outside. And while my lunch was being prepared, I asked him, Are you cooking outside? The reason I asked that question is because an organization that I belonged to wished to create a cooker and I needed some information about it.
>
> And he said to me, No, that's just a sign, just an advertisement for this place. I said, I saw smoke. He says, Well, we have a little thing inside with just a little bit of wood to make smoke.

N.T. at 51.

Gulan testified that the smoker/cooker had no lettering or pictures on it. He cooked chicken in it every day. N.T. at 61; Reproduced Record (R.R.) at 4a.[3] Gulan was able to see what was happening inside the restaurant when he cooked outside. N.T. at 72; R.R. at 15a. On cross-examination, he stated he moved the smoker/cooker a couple of times to cook elsewhere. N.T. at 78; R.R. at 21a. Gulan cooked other meat in smokers behind the restaurant. Beef did not require as much supervision as chicken. Gulan explained the benefits of locating the smoker/cooker on the sidewalk:

> I actually need to see inside from right there. I have a clear spot to see that my wife's okay inside. And from the big window . . . I can see when I'm inside on

---

**2.** The only issue before this Court regards the smoker/cooker.

**3.** Only portions of the hearing transcript are contained in the Reproduced Record.

the register outside at my cooker, I can actually tell what the temperature is. I can see my dial all the way from the inside. Again, it gets used almost daily for chicken ... 50 to a hundred halves of chicken a day five days a week at least four days.

N.T. at 79–80; R.R. at 22a–23a.[4]

The Board determined that structures and devices may be considered signs.[5] The Board referred to *Sutliff Enterprises, Inc. v. Silver Spring Township Zoning Hearing Board*, 933 A.2d 1079 (Pa. Cmwlth.2007), where this Court held that searchlights promoting a car dealership qualified as signs under the Silver Spring Township Zoning Ordinance.

With respect to the smoker/cooker, the Board determined:

> The Zoning Board interprets the definitions of various signs as inclusive rather than as limited or exclusive. The Zoning Board finds that the smoker/cooker, with its longhorn attachment, whether being used or unused, constitutes a Sign as defined in the Ordinance. The smoker/cooker falls within the definition of Sign as a 'demonstration, display ... used to advertise or promote the interests of any person or business when the

same is in view of the general public,' and falls within the definition of 'Billboard, Advertising Sign, or Poster Panel' as 'Any structure or part thereof ... or any device attached to a structure ... otherwise displaying of information for the purpose of bringing to the attention of the public any ... business....' ....
> Even though the smoker/cooker has no writing or illustrations on it, the placement of and use of the smoker/cooker on the sidewalk in front of the business, with the cowhorn or longhorn decoration, in plain view of the public, when either in operation or not, brings attention to the purpose of the business, and conveys information to the general public, which is that Barbeque Meat or Chicken is made and sold at the premises. This is even more prominently displayed when the smoker/cooker is within several feet of the free-standing sign showing 'BBQ' and an arrow pointing at the restaurant and the smoker/cooker is in operation releasing its smoke on the sidewalk and adjoining highway. The Zoning Board finds this is so, even though Mr. Gulan testified he had other non-advertising reasons for placing the smoker/cooker on the public sidewalk. The Zoning Board finds there is sub-

---

**4.** Douglas Miller (Miller), a neighboring landowner, requested that Gulan move his van which was parked in front of Miller's property. Andrew Raymond complained that the hearing was held in the afternoon so that many interested citizens could not attend.

**5.** A "Sign" was defined in Section 201 of the Ordinance in pertinent part as follows:

> Any material, structure or device, or part thereof, composed of lettered of [sic] pictorial matter that is placed when used or located out of doors or outside or on the exterior of any building, including window display areas, for display of an advertisement, announcement, notice, direction, matter or name. Includes sign frames, billboard, sign boards, painted wall signs, hanging signs, illuminated signs, pennants,

fluttering devices, strings of light, projecting signs or ground signs and shall also include an announcement, declaration, demonstration, display, illustration or insignia used to advertise or promote the interests of any person or business when the same is in view of the general public.

> (1) **Billboards, Advertising Sign or Poster Panel**—Any structure or part thereof or any device attached to a structure for the painting, posting or otherwise displaying of information for the purpose of bringing to the attention of the public any produce, business, services or cause not necessarily located on or related to the premises on which the sign is situated.

Ordinance at 21; R.R. at 39a.

stantial evidence in the record to conclude that the smoker/cooker, even without its longhorn or cowhorn decoration, and located on the public sidewalk, is a violation of Section 507(1) of the East Berlin Zoning Ordinance.

East Berlin Borough Zoning Hearing Board Decision, October 27, 2009, at 4–5; R.R. at 34a–35a.[6]

The Gulans appealed to the common pleas court which affirmed. The common pleas court agreed with the Board that the smoker/cooker was a "structure, demonstration or display" within the meaning of the Ordinance. The smoker/cooker was placed conspicuously to draw attention to the business. Further, the common pleas court determined that the Board was correct that an object without lettering may still be a sign. *See Sutliff.* There was conflicting testimony at the hearing as to whether Gulan had an intent to use the smoker/cooker for advertising. The common pleas court determined that the Board, as factfinder, resolved the conflict in favor of Clayton who testified that Gulan told him the main purpose of the smoker/cooker was for advertising.

The Gulans contend that the common pleas court erred when it affirmed the Board's determination that the Gulans' smoker/cooker was a "sign" and its location in the right-of-way of West King Street was a violation of the Ordinance.[7]

The Honorable John D. Kuhn, President Judge of the Court of Common Pleas of Adams County ably disposed of this issue in his comprehensive opinion. Therefore, this Court shall affirm on the basis of that

---

**6.** The Board found that the A-frame sign and the freestanding sign did not violate the Ordinance.

**7.** Because the common pleas court took no additional evidence, this Court's review is limited to a determination of whether the zoning hearing board abused its discretion or

opinion. *Richard S. Gulan and Tina Gulan v. Zoning Hearing Board of East Berlin Borough,* (No. 2009–S–1923, Filed July 7, 2010).

Accordingly, this Court affirms.

### ORDER

AND NOW, this 22nd day of June, 2011, the order of the Court of Common Pleas of Adams County in the above-captioned matter is affirmed.

committed an error of law. The zoning hearing board abuses its discretion when its findings are not supported by substantial evidence. *Hitz v. Zoning Hearing Board of South Annville Township,* 734 A.2d 60, 65 n. 9 (Pa. Cmwlth.1999), *petition for allowance of appeal denied,* 562 Pa. 676, 753 A.2d 821 (2000).