530 A.2d 526

Joel N. Myers, Appellant *v.* State College Zoning Hearing Board, Appellee.

Argued June 12, 1987, before Judge COLINS, and Senior Judges BARBIERI and NARICK, sitting as a panel of three.

*Thomas A. Beckley,* with him, *John G. Milakovic, Beckley & Madden,* for appellant.

*Robert K. Kistler, Miller, Kistler & Campbell, Inc.,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, August 25, 1987:
This is a zoning appeal wherein Appellant, Joel N. Myers, appeals here an order of the Court of Common Pleas of Centre County affirming a decision of the State College Zoning Hearing Board (Board). That Board decision upheld a decision by the zoning officer not to grant Appellant a permit to use a portion of his property as a nonconforming use under the State College Zoning Ordinance (Ordinance). We shall affirm.

The pertinent facts are as follows. Appellant owns a brick multi-family residence located at 622 West College Avenue in the Borough of State College. To the rear of this property is a four-bay concrete block garage that was constructed in 1950 and is known alternately as 623 West Calder Way or 622 Rear West College Avenue. This property is currently zoned "R-O" under which residential and office uses are permitted under the Ordinance. In 1983, Appellant sought a permit to allow a tenant to use the four-bay garage as an automotive detailing shop. The zoning officer denied the permit on the basis that such a use was not permitted in a R-O district. Appellant appealed to the Board and a hearing was held at which Appellant sought to prove that the proposed use was similar to or consistent with prior valid pre-existing nonconforming uses that had been located in that garage. The Board found that none of the prior nonconforming uses were operating legally and that those uses for which permits were secured were either permitted at the time as valid uses or permitted accessory uses. Finding that Appellant failed to prove the existence of any valid pre-existing nonconforming uses, the Board held that Appellant has no right to change a prior illegal nonconforming use to another nonconforming use and upheld the decision of the zoning officer. Appellant appealed the Board's decision to common pleas court which heard the appeal without taking any additional evidence. That court affirmed the Board and this appeal followed.

On appeal to this Court, the sole issue raised by Appellant is his contention that he has acquired a vested right in the nonconforming use of 623 West Calder Way by virtue of a long, although not continuous, history of nonconforming uses dating back to 1950.[1] He now con-

---

[1] The alleged prior nonconforming uses were that from approximately 1950 through 1959, a prior owner utilized the garage in

cedes in his brief that the record does not support his claim of a valid pre-existing nonconforming use. For the reasons that follow, we reject Appellant's vested right contention.

Appellant pressed his appeal to the Board on the theory that the history of nonconforming commercial and light industrial uses of 623 West Calder Way established valid pre-existing nonconforming uses. It was not until the Board found that no valid pre-existing nonconforming uses existed did Appellant first advance his vested right theory in his appeal to common pleas court. The Board and the Borough of State College, Intervenor, argue that by failing to raise his vested right claim in the proceedings before the Board, he has waived that claim. We agree.

Section 753(a) of the Local Agency Law, 2 Pa. C. S. §753(a), provides that where a full and complete record of the proceedings was made before the agency, as was the case here, a party may not raise on appeal any other question that was not raised before the agency unless allowed by the court upon due cause shown. The record here is devoid of any application or motion by Appellant to have the common pleas court allow him to raise the

---

connection with his coal business. From 1959 until some unspecified date, the property was used as a distribution point for dairy products. From 1973 until 1976 the garage was rented to a painting contractor who used it as a warehouse, shop and garage. From 1976 until 1980, the premises were rented to a tenant who used the garage jointly as a contractor's shop and an automobile repair facility. In 1981, it was used as a warehouse and storage area. From 1981 until 1982, it was used as a retail sales outlet, repair facility, and warehouse. With the exception of the 1981 use as a warehouse and storage area, all of the uses were unpermitted uses and no use permits had been issued for them and such uses were, under the Ordinances in effect at the various times, illegal. The Board specifically noted that until 1983, no use permits were ever applied for by any present or prior owner or tenant for these uses.

vested right claim. It was merely included in his notice of appeal from the Board's decision. Accordingly, the common pleas court took no additional evidence, and Appellant did not seek to introduce any, and did not address the vested right issue. In *813 Associates v. Zoning Hearing Board of Springfield Township,* 84 Pa. Commonwealth Ct. 420, 479 A.2d 677 (1984), Judge BARRY of this Court held that an appellant in a zoning case could not introduce a new theory of relief on appeal that was not presented to the zoning hearing board. In so holding, Judge BARRY wrote:

> In Morgan v. Sbarbaro, 307 Pa. Superior Ct. 308, 453 A.2d 598 (1982), it was held that 'The doctrine of waiver has become firmly entrenched in Pennsylvania law and it is clear that on appeal a new and different theory may not be successfully advanced for the first time.' The appellant, by now arguing that the ordinance is invalid, is raising a new and different theory of relief. In light of the policy set forth in Morgan we believe the appellant has waived the arguments of spot zoning and confiscation without due process of law and thus cannot now raise them on appeal.

*Id.* at 425, 479 A.2d at 680. That same reasoning is equally applicable here. We therefore hold that Appellant has waived the vested right argument.

Since Appellant has conceded that the Board's finding that no valid pre-existing nonconforming use of 623 West Calder Way was established is supported by substantial evidence,[2] and we have found he has waived the vested right issue, we shall affirm the common pleas court.

---

[2] Where the common pleas court has taken no additional evidence, our scope of review is limited by Section 754(b) of the Local Agency Law, 2 Pa. C. S. §754(b), to determining whether the

## Order

Now, August 25, 1987, the Order of the Court of Common Pleas of Centre County at Docket No. 84-505, dated May 6, 1986, is hereby affirmed.

---

Board's findings are supported by substantial evidence, an error of law committed, provisions of the Local Agency Law, 2 Pa. C. S. §§551-555 and 751-754, complied with, or whether any constitutional rights of the Appellant were violated. *Pilot Oil Corporation v. Zoning Hearing Board of West Hanover Township,* 86 Pa. Commonwealth Ct. 23, 483 A.2d 1049 (1984).