124 Pa. Commonwealth Ct. 389 (1989)
556 A.2d 496
Seneca Mineral Company, Inc., Appellant
v.
McKean Township Zoning Hearing Board, Appellee.
No. 2032 C.D. 1988.
Commonwealth Court of Pennsylvania.
Argued February 9, 1989.
March 23, 1989.
*390 Argued February 9, 1989, before Judges BARRY, McGINLEY and SMITH, sitting as a panel of three.
Eugene J. Brew, Jr., McClure & Miller, for appellant.
Thomas E. Kuhn, Gifford, Lay, Johnson & Ridge, for appellee.
Daniel J. Pastore, The McDonald Group, for intervenor/appellee, James D. McDonald, Jr. and Mary Helen McDonald.
*391 OPINION BY JUDGE BARRY, March 23, 1989:
Seneca Mineral Company, Inc. (the tenant) appeals from an order of the Court of Common Pleas of Erie County which affirmed a decision of the Zoning Hearing Board of McKean Township (Board). That decision reversed a decision of the McKean Township Zoning Administrator to issue to the tenant a building permit which allowed for the construction of a one-story garage.
Tenant leases subject property at 7200 Grubb Road which is currently zoned as R-2 (Suburban Residential). It had been using the property for the purpose of pumping, storing and distributing salt brine. That use was permitted in the R-2 District only as a legally nonconforming use. On May 6, 1987, tenant applied for a building permit and certificate of occupancy which would allow for the construction of a one story garage. The permit and certificate were granted that same day. No notice of their issuance was provided to any other person.
Tenant began work on the construction project on or about May 13, 1987. On or about June 17, 1987, James D. McDonald, Jr., (referred hereinafter together with his wife, Mary Helen McDonald, as "the protestants"), observed construction of the garage on the subject property. Subsequently he requested and received from the Zoning Administrator, on June 23, 1987, a copy of the building permit and certificate of occupancy issued to the tenant. On July 13, 1987, protestants filed an appeal from the Zoning Administrator's decision to issue the permit and certificate to the tenant. It was their contention that the garage constituted an expansion of and/or change in the tenant's nonconforming use and that the Zoning Administrator lacked the power to issue a building permit and certificate of occupancy which would allow for the expansion of and/or change in a nonconforming use. Following a hearing on the matter, the Board declared *392 that the permit issued by the Zoning Administrator was null and void. The tenant then filed an appeal to the court of common pleas which, without taking additional evidence, affirmed the Board's decision. This appeal followed.
When a trial court takes no additional evidence in reviewing the decision of a zoning hearing board, this Court's scope of review is limited to determining whether the zoning hearing board has committed a manifest abuse of discretion or error of law. Valley View Civic Association v. Zoning Board of Adjustment, 501 Pa. 550, 462 A.2d 637 (1983). An abuse of discretion can be found only if the Board's findings are not supported by substantial evidence. Id.
The tenant argues that the Board erred in concluding that protestants' appeal was timely filed. It contends that the Board should have found that protestants had constructive notice of the construction activities on the subject property within the thirty day period that followed the issuance of the building permit on May 6, 1987. The tenant urges us to conclude that, therefore, because protestants did not file their appeal within that thirty day period, their appeal was untimely.
Under Section 915 of the Municipal Planning Code (Code), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §10915, an appeal from the decision of a zoning officer to approve an application for development must be filed within thirty days after such approval has been granted unless the person seeking to appeal that decision alleges and proves that he had no notice, knowledge or reason to believe that such approval had been given. The effect of this provision is to permit a protestant to file an appeal challenging the issuance of a zoning permit within 30 days after the issuance of the permit or, at the latest, within 30 days after he has notice, knowledge or reason *393 to believe that the permit has been issued. See Mars Area Residents for a Safe Community v. Zoning Hearing Board of Adams Township, 108 Pa. Commonwealth Ct. 505, 529 A.2d 1198 (1987).
At the hearing before the Board, four witnesses gave testimony relevant to the issue of the timeliness of protestants' appeal.
Douglas Painter, a shareholder in, and secretary-treasurer and manager of the tenant, testified that, on approximately May 13, 1987, initial work on the construction of the garage began. This consisted of clearing off top soil from the site where the garage was to be situated by the use of a highlift and bulldozer, hauling in gravel to level off the surface and erecting some posts and batter boards. Following these activities there was a hiatus of approximately ten days to two weeks when no construction activity occurred before the pole framework of the garage was erected in the first week of June of 1987. The construction work on the garage was completed on or about July 8, 1987. Mr. Painter also submitted photographs which he had taken on July 10, 1987. These photographs depicted, inter alia, several views of the garage in question from different spots on Grubb Road, including one from directly in front of one of the facades of the garage and one from a curve in Grubb Road located between the subject property and protestants' residence.
Roy B. Korrell, one of the owners of the property, testified on direct examination that he was on the property on approximately May 10, 1987, and that at that time he observed a bulldozer and backhoe being used. Later, on or before June 15, 1987, he saw the pole framework of the garage being erected. On cross-examination, however, he stated that he did not believe that it was possible that erection of the pole framework began as late as June 15, 1987.
*394 Mr. McDonald testified that he first observed construction of the garage on the subject property on June 17, 1987. After having done so, he called the McKean Township office that same day to inquire whether a building permit authorizing the construction activity had been issued. It was on June 23, 1987 that he received a packet in the mail which included a copy of the building permit at issue. Mr. McDonald stated that he would drive by the subject property at least once, and normally twice, a day and, on cross-examination, admitted that he had driven past the property twice a day during the period of May 12, 1987 through June 17, 1987.
Frank Kroto, another homeowner on Grubb Road, gave the following testimony on direct examination:
`Mr. Painter says they brought in a high lift and a bulldozer. There's always construction equipment on the site. There always has been construction equipment on the site. They're moving drilling rigs in and out regularly. There has been a bulldozer or a backhoe in the back part of the property, somewhat behind the last tank. There's a lot of down trees and various constructions that have been going on back there, I'm going to guess for months. So the significance of someone driving by and seeing a backhoe or a bulldozer in that area isn't all unusual. Obviously did not come to my alarm. [sic] I saw a pad going in, that isn't unusual either. Because pads went in. They went in when they put the tank in. . . . But these things all go on. But there's always all kinds of equipment around. . . .' (RR 56-57).
On cross-examination, Mr. Kroto admitted to having seen the pad for the garage being installed but could not recall when he made such an observation. He also indicated that he was unsure at the time what the pad was for.
*395 The Board, in the "Factual Background" section of its decision,[1] found that work on the garage began on May 13, 1987 and that Mr. McDonald first observed construction of the garage taking place on the subject property on June 17, 1987. Supporting the latter finding is the testimony of Mr. McDonald to that effect, which the Board determined to be credible. As the finder of fact, it was, of course, up to the Board to determine whether Mr. McDonald's testimony was credible and this Court, on appeal, cannot disturb such a determination.
The Board did not, however, identify in the "Factual Background" section of its decision the date on which it found that erection of the pole framework of the garage was first visible from the highway. Instead, citing D.E. Street, Inc. v. Zoning Hearing Board of the Borough of West York, 103 Pa. Commonwealth Ct. 127, 519 A.2d 1093 (1987), it concluded in the "Discussion" section of its decision that, under Section 915 of the Code, a protestant's appeal from a zoning officer's decision to issue a permit is timely filed when it is filed within thirty days after the protestant becomes aware of the issuance of the permit and that, therefore, protestants' appeal in this matter was timely.
The language of Section 915 provides for the tolling of the period for appealing a zoning officer's decision to issue a zoning permit only during the period that a protestant does not have "notice", "knowledge" or "reason to believe" that a permit has been issued. Under the evidence presented in this case, the Board could have concluded that protestants did not have actual notice or knowledge of the fact that a building permit had been issued for the garage until June 23, 1987, the date Mr. *396 McDonald received the copy of the building permit and the certificate of occupancy. The inquiry on the issue of the timeliness of protestants' appeal does not, however, end with the determination of that date. This Court has held that Section 915 is not to be interpreted to mean that the time limitation therein starts to run only when a protestant has actual knowledge of the issuance of the permit. Isaacson v. Flanagan, 74 Pa. Commonwealth Ct. 564, 460 A.2d 884 (1983). If protestants in the present matter had reason to believe that a building permit had been issued at a date prior to June 23, 1987, then it is from that date that the appeal period began to run.
The question to be resolved here then is whether, as contended by the tenant, it can be said that the protestants had reason to believe that a permit had been issued for the garage on that date when activities authorized by the permit commenced. That question cannot be answered by this Court because of the absence of essential findings of fact. Specifically, the Board failed to identify the date on which the tenant's construction activities were first visible from the highway. Furthermore, it failed to make any finding as to which of these construction activities was inconsistent with the previously permitted use of the subject property for the purpose of pumping, storing and distributing salt brine.[2] In this case, it was on the date when the tenant engaged in construction activities which were inconsistent with the previously permitted use of the property and which were visible from the highway that it can be said that protestants had reason to believe that a building permit and certificate of occupancy had been issued for the garage.
*397 For this reason, it is ordered that this matter be remanded for the purpose of making those factual findings.
The tenant also argues that it had acquired a vested right in the building permit and certificate of occupancy and that the common pleas court should have remanded this matter to the Board to make findings of fact and conclusions of law on the question of whether or not it did have a vested right in the permit. The trial court held that the tenant had failed to properly preserve this issue for consideration and that, therefore, it need not consider the tenant's claim of a vested right to the building permit and certificate of occupancy. Remand to the Board, therefore, would be inappropriate.
In reviewing the record of the hearing before the Board, this Court is unable to find any instance where the tenant's counsel attempted to advance before the Board the position that, even if the Zoning Administrator had erroneously issued the building permit and certificate of occupancy, it was entitled to retain them under the vested rights doctrine. In Myers v. State College Zoning Hearing Board, 108 Pa. Commonwealth Ct. 624, 530 A.2d 526 (1987), this Court held that a party appealing the decision of a zoning hearing board to the common pleas court could not raise in that appeal any issue which had not been raised before the zoning hearing board unless the court allowed it upon due cause shown.[3] In reviewing the record, we find no application or motion by the tenant to have the common pleas court consider the issue of whether it had acquired a vested right to the building permit and certificate of occupancy.[4]
*398 The tenant, in an attempt to explain why it did not advance its position that it had acquired a vested right to the erroneously issued permits before the Board, asserts that the Board limited the issues to be considered at the hearing. According to it, the limitation was imposed during the following colloquy that occurred towards the beginning of the hearing.
Mr. McDonald: Am I correct in understanding that the limited purpose of this hearing tonight is to determine whether Permit 40-87, I think is the permit was issued to Seneca in May of 1987, whether that is a valid permit. That's the sole purpose of the hearing. Rather than whether or not this board in its discretion would issue a permit if it were ever properly asked to do so.
Mr. Kuhn: That's correct.
Mr. McDonald: So the scope of the evidence should be limited to the validity of the existing permit.
Mr. Kappelt: Yes.
We note, however, that at no time after the above colloquy did the tenant assert to the Board that there was another issue that should be considered  namely, whether it had acquired a vested right to the building permit and certificate of occupancy  or otherwise voice an objection to the stated limitation of the issues to be considered. Furthermore, the tenant, in its notice of appeal to the common pleas court, did not allege that the Board improperly restricted the scope of the inquiry at the hearing. Consequently, it has waived any objection regarding this alleged error. See Clemens v. Upper Gwynedd Township Zoning Hearing Board, 3 Pa. Commonwealth Ct. 71, 281 A.2d 93 (1971).
Accordingly, we conclude that the common pleas court did not err in refusing to rule on tenant's vested *399 right claim itself or in refusing to remand the case to the Board for its consideration. On remand from this Court, tenant's vested right claim need not be considered.

ORDER
NOW, March 23, 1989, the order of the Court of Common Pleas of Erie County dated October 7, 1988 at Docket No. 4253-A-1987, is hereby vacated. This matter is remanded for further proceedings consistent with the foregoing opinion.
Jurisdiction relinquished.
NOTES
[1] Rather than setting forth its findings of fact in separately numbered sentences, the Board set forth its factual findings in a narrative-type statement encaptioned "Factual Background".
[2] There is language in the "Discussion" section of the Board's decision indicating that it did not believe that the site preparation activities that commenced on May 13, 1987 were inconsistent with the activities engaged in pursuant to the previously permitted use. See R-18.
[3] In Myers, the issue which this court held the appellant had waived by not raising it before the zoning hearing board was, also, a claim of vested right.
[4] The first time the tenant asserted its vested right claim was in the brief that it filed in support of its appeal from the decision of the Board.