Kurt **WOLTER**

v.

**BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP.**

**Appeal of Tredyffrin Township.**

Commonwealth Court of Pennsylvania.

Argued June 5, 2003.

Decided June 25, 2003.

Reargument En Banc Denied Aug. 14, 2003.

Vincent M. Pompo, West Chester, for appellant.

Mary Ann Rossi, West Chester, for appellee.

BEFORE: PELLEGRINI, Judge, LEAVITT (P.), Judge, KELLEY, Senior Judge.

OPINION BY Judge PELLEGRINI.

The Board of Supervisors of Tredyffrin Township (Township) appeals from an order of the Court of Common Pleas of Chester County (trial court) sustaining the land use appeal of Kurt Wolter (Property Owner) and reversing the Township's decision denying Property Owner's application for subdivision approval.

Property Owner is the owner of 22.2 acres of land in Tredyffrin Township known as Apple Jack Farm.[1] The subject property is located in an R–1/2 Residential Zoning District and is comprised of two existing lots from which Property Owner sought to create three lots. In 1972, Property Owner's predecessor in title, R.L. Freyberger Development & Construction Company, filed an application for approval of a plan of subdivision of a parcel of property (Freyberger Subdivision Plan). The Freyberger Subdivision Plan was comprised of 22 lots on approximately 75 acres of land, and the property at issue in this matter consisted of Lot Nos. 13 and 18 of the Freyberger Subdivision Plan. During the consideration of Freyberger's subdivision application, the Tredyffrin Township Planning Commission (Planning Commission) recommended to the Township that a deed restriction of 99 years be recorded to preclude further subdivision of the oversized lots shown on the Freyberger Subdivision Plan. Accepting the Planning Commission's recommendation, the Township granted subdivision approval to Freyberger with the condition that any further subdivision be restricted. However, on January 5, 1973, the Freyberger Subdivision Plan was recorded without any mention of the 99–year deed restriction. Subsequently, a 25–year restriction against further subdivision was placed on Lot No. 13 only of the Freyberger Subdivision Plan and was duly recorded. That restriction has since expired.

On December 29, 2001, Property Owner submitted a Plan of Subdivision for his property to the Township proposing the consolidation of the two existing lots and the subdivision of that consolidated parcel into three proposed lots.[2] Following public hearings, the Township accepted the recommendation of the Planning Commission[3] and denied Property Owner's request to subdivide the property, citing

1. In addition to Property Owner, the subject property is also owned by Christine E. Reilly and Apple Jack Farm, LLC.

2. Proposed Lot No. 1 is comprised of an area in excess of 17 acres which contains a detached single-family dwelling and accessory outbuildings. Proposed Lot Nos. 2 and 3 are to be developed with single-family detached dwellings with gross areas of 2.24 and 2.33 acres, respectively, with net areas after deduction of steep slopes, wetlands and easements of slightly more than the R–1/2 District minimum lot area of 80,000 square feet pursuant to Section 208–18(A) of the Zoning Ordinance.

3. In its recommendation, the Planning Commission recommended that the Township deny Property Owner's subdivision request based on a restriction on the original Freyberger Subdivision Plan which precluded any further subdivision of any oversized lots, including Lot Nos. 13 and 18. It stated that when Freyberger's subdivision application was approved, it was approved only on the condition that a 99–year deed restriction be imposed and that Freyberger's application and the Township minutes from the November 27, 1972 meeting indicated that the restriction was required in order to subdivide the property. It stated that because the re-

Property Owner's failure to comply with Sections 187-43.A.(1) and 208–107.E.(2) of the Tredyffrin Township Subdivision and Land Development Ordinance and Zoning Ordinance (Zoning Ordinance) because the property was subject to a 99–year restriction on subdivision. Property Owner appealed that determination to the trial court.

■ Taking no additional evidence, the trial court concluded that Section 208–107.(E).(2) of the Zoning Ordinance was not applicable to Property Owner's application for subdivision because that section dealt only with property on which a developer proposed a cluster development, and no such proposal had been made with respect to the subject property. The trial court further concluded that Property Owner, as a bona fide purchaser, was not bound by the 99–year restriction against further subdivision, because it had never been recorded and reversed the decision of the Township and remanded the record for further proceedings consistent with its opinion. This appeal by the Township followed.[4]

■ On appeal, the Township contends that the trial court erred in reversing its decision denying Property Owner's request for subdivision because the condition placed upon the Freyberger Subdivision Plan when it was granted that the property not be further subdivided for 99 years

applied to Property Owner's property, and because that restriction "ran with the land," the deed restriction did not have to be recorded in order to be enforced.

As to whether the restriction could be enforced against Property Owner regardless of whether the restriction had been recorded providing him with notice of the restriction, the Township relies on numerous cases which discuss restrictive covenants which "run with the land," i.e., bind subsequent purchasers of real property to the covenant entered into by their predecessor. It cites to *Goldberg v. Nicola,* 319 Pa. 183, 178 A. 809 (1935); *Finley v. Glenn,* 303 Pa. 131, 154 A. 299 (1931); *Harmon v. Burow,* 263 Pa. 188, 106 A. 310 (1919); *Hutchinson v. Thomas,* 190 Pa. 242, 42 A. 681 (1899); *Lynch v. Urban Redevelopment Authority of Pittsburgh,* 91 Pa.Cmwlth. 260, 496 A.2d 1331 (1985); and *Estate of Hoffman v. Gould,* 714 A.2d 1071 (Pa.Super.1998), *petition for allowance of appeal denied,* 559 Pa. 691, 739 A.2d 1057 (1999).

However, those cases are inapplicable because, in those cases, the restrictive covenant was recorded in the original deed between the parties who had entered into the restrictive covenant, thereby placing subsequent purchasers on notice that the restriction existed. Moreover, pursuant to the Recording Act of May 12, 1925, P.L. 613, *as amended,* 21 P.S. § 351,[5] in order

striction was mandatory in order to subdivide the property, the restriction could be directly enforced under Section 208–107 of the Zoning Code.

4. In a land use appeal, where a full and complete record was made before the Township and the trial court took no additional evidence, our scope of review is limited to determining whether the board committed a manifest abuse of discretion or an error of law. *Centre Lime and Stone Co., Inc. v. Spring Township Board of Supervisors,* 787 A.2d 1105 (Pa.Cmwlth.2001), *petition for allowance of*

*appeal denied,* 568 Pa. 740, 798 A.2d 1291 (2002).

5. That section provides:

All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be

to bind a successor in title to a restrictive covenant, the successor must have "actual or constructive notice unless such deed, conveyance, contract or instrument of writing shall be recorded." In *Finley*, our Supreme Court discussed at length the necessity of recording deeds or other "muniments of title" [6] in order to provide future purchasers with notice of encumbrances upon their title consistent with the Recording Act, as well as the duty placed upon purchasers to examine those records when purchasing the property. Because a property owner must have actual notice or constructive notice [7] of an encumbrance upon their property in order for that encumbrance to be enforced against him, the Township's argument that the deed restriction prohibiting further subdivision of the property could be enforced against Property Owner regardless of whether he had notice of the restriction is without merit.

Even if the restriction did not "run with the land," the Township argues that the express language of Section 208–107.E.(2) of the Zoning Ordinance prohibits further

subdivision of parcels included in a lot averaging formula which the Freyberger Subdivision Plan was developed. In its denial of Property Owner's request for subdivision approval, the Township relied solely on Sections 181–43.A.(1) and 208–107.E.(2) of the Zoning Ordinance as the basis for its denial. Section 181–43.A.(1) of the Zoning Ordinance provides:

> In addition to the standards and requirements contained herein, all land shall be subdivided and developed in compliance with the following:
>
> (1) The Official Map, the Comprehensive Plan, the Zoning Ordinance, the Master Sewage Facilities Plan, the Township Building and Plumbing Codes and all other applicable township codes, ordinances or administrative regulations.

Section 208–107.E.(2) of the Zoning Ordinance provides:

> No land of such size as to be capable of further subdivision under the regulations of any district shall be included in determining the average lot area, *unless*

recorded in the office for the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages.
21 P.S. § 351.

6. "Muniments of title" is defined as "[d]ocumentary evidence of title, such as a deed or a judgment regarding the ownership of property." Black's Law Dictionary 1039 (7th ed.1999).

7. The Township also argues that Property Owner had at least constructive notice of the restriction against further subdivision because the restriction was clearly noted in the minutes of the Township meeting at which the Freyberger Subdivision Plan was granted and at least one of the deeds to Property Owner's property refers to that meeting. However, a notation on a deed, such as the date of a township meeting when the subdivision was approved, without more, does not impose constructive notice upon a successor-in-title of a restrictive covenant. To impose such a requirement goes well beyond a buyer's responsibility to perform a routine title search and is a burden we will not impose.

*the possibility of such further subdivision is eliminated by a deed restriction or agreement in form acceptable to the Township Solicitor and duly recorded in the office for the Recorder of Deeds of Chester County,* by transfer of development rights to the township or by dedication for park or other open space purpose to the township.

(Emphasis added.)

However, even if that section were applicable to Property Owner's subdivision plan, because it was part of the original Freyberger Subdivision Plan as the Township suggests, the plain language of Section 208–107.E.(2) requires that in order to eliminate the opportunity for any further subdivision, the deed restriction must be *duly recorded.* Because, in this case, the deed restriction the Township seeks to enforce was never recorded, the Township erred in denying Property Owner's request for subdivision approval pursuant to that section.

Accordingly, the order of the trial court is affirmed.[8]

### ORDER

AND NOW, this 25th day of June, 2003, the order of the Court of Common Pleas of Chester County, No. 02–03128, dated November 27, 2002, is affirmed.

---

**8.** The Township also contends that the trial court's decision should be reversed based on policy reasons. It argues that even if it could not deny the subdivision plan pursuant to Section 208–107 of the Zoning Ordinance, it could bring an action in equity to restrain the violation of the condition against further subdivision. In doing so, it relies on this Court's decision in *Doylestown Township v. Teeling,* 160 Pa.Cmwlth. 397, 635 A.2d 657 (1994). However, integral to the outcome of that case was the fact that the agreement restricting further subdivision was memorialized on a recorded document. As such, the Township's reliance on that case is misplaced.