Darrel W. BERRYMAN and Lori Berryman, his wife

v.

**WYOMING BOROUGH ZONING HEARING BOARD.**

Appeal of: Joseph Koslick and Patricia Koslick, his wife, and Edward Koslick

Edward Koslick.

v.

Wyoming Borough Zoning Hearing Board and Joseph & Patricia Koslick.

Appeal of: Edward Koslick, Joseph & Patricia Koslick.

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2005.

Decided Oct. 7, 2005.

Joseph L. Vullo, Forty Fort, for appellants, Joseph and Patricia Koslick and Edward Koslick.

William L. Higgs, Mountain Top, for appellees, Darrel and Lori Berryman.

BEFORE: SMITH–RIBNER, Judge, and SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In these consolidated zoning appeals we are asked to determine the circumstance which begins the period to appeal from issuance of a building permit. We address appeals from two orders of the Court of Common Pleas of Luzerne County (trial court) that denied the land use appeal of Joseph and Patricia Koslick (collectively, Objectors) as untimely, and denied Edward Koslick's (Appellant) request to present additional testimony. We affirm.

On October 28, 2003, Darrel and Lori Berryman (collectively, Landowners) purchased the property located at 1714 Wyoming Avenue, Exeter, Pennsylvania (Subject Property) for the purpose of relocating their business. The Subject Property is located in a B–1 neighborhood commercial zoning district in Wyoming Borough (Borough).

On the same day, as a condition of their financing, Landowners obtained a building permit from the Borough to construct a pole barn on the Subject Property. Landowners immediately commenced construction. By November 1, 2003, poles and cross members were visible from Wyoming Avenue and adjoining properties.

On December 8, 2003, Objectors, Appellant, and James Cortegerone (neighbor) filed an appeal with the Zoning Hearing Board of Wyoming Borough (Board) challenging the issuance of the building per-

mit. Neighbor resides near the Subject Property. While Objectors and Appellant own property near the Subject Property, they reside in New Jersey and New York, respectively.

At a hearing before the Board, Landowners disputed the timeliness of the appeal. In response, the Board permitted each protestant to testify as to when they received notice of the building permit. Neighbor testified he noticed construction on October 31, 2003, and the structure became visible from Wyoming Avenue no later than November 1, 2003. Joseph Koslick, testifying on behalf of Objectors, explained he was unaware of construction until November 7, 2003, when he returned to the area to check on various rental properties. Appellant did not testify.

Following the hearing, the Board dismissed neighbor's request for relief as untimely. In addition, the Board dismissed Appellant's request for relief, concluding that because he did not testify he failed to satisfy his burden of proving a timely appeal. Further, the Board determined Objectors' appeal was timely.[1]

Landowners subsequently filed an appeal to the trial court challenging the timeliness of Objectors' appeal to the Board. Appellant also appealed. Objectors intervened in both appeals.

Without accepting additional evidence on the Objectors' appeal, the trial court reversed the Board. The trial court reasoned the 30–day appeal period began to run on November 1, 2003, the date construction of the pole barn was visible to the general public. Thus, the trial court concluded Objectors' December 8 appeal to the Board was untimely.

■ Regarding Appellant's appeal, he requested an opportunity to present additional evidence as to when he received notice of Landowners' permit. As a threshold issue, the trial court received evidence on the hearing conducted by the Board.[2] The trial court determined the Board did not preclude Appellant from testifying. As a result, the trial court declined Appellant's request to testify, and it affirmed the Board's determination that Appellant failed to satisfy his burden of proving a timely appeal.

■ Objectors and Appellant each appealed to this Court.[3] We consolidated the appeals.

---

1. On the merits of Objectors' appeal, the Board determined Landowners failed to obtain a zoning permit due to the lack of advice from the Borough's zoning officer. The Board also determined the zoning officer failed to inform Landowners that the intended construction and proposed business did not conform to the zoning ordinance and variances were required. Consequently, the Board concluded a zoning permit was required for construction and use. However, the Board determined the building permit should not be revoked because Landowners would suffer undue hardship.

2. A trial court faces compulsion to hear additional evidence in a zoning case only where the party seeking the hearing demonstrates that the record is incomplete because the party was denied the opportunity to be heard

fully, or because relevant testimony was offered and excluded. *Caln Nether Company, LP v. Bd. of Supervisors of Thornbury Twp.*, 840 A.2d 484 (Pa.Cmwlth.), *appeal denied*, 579 Pa. 694, 856 A.2d 835 (2004).

3. Where the trial court does not accept additional evidence our review is limited to determining whether the Board manifestly abused its discretion or committed an error of law. *Wolter v. Bd. of Supervisors of Tredyffrin Twp.*, 828 A.2d 1160 (Pa.Cmwlth.2003). However, where the trial court accepts additional evidence, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Crystal Forest Assocs., LP v. Buckingham Twp. Supervisors*, 872 A.2d 206 (Pa.Cmwlth.2005). In addition, we note, where a trial court accepts additional evidence concerning only a single issue, the

■ Objectors argue the trial court erred in determining they filed an untimely appeal. Specifically, Objectors contend they never received notice of Landowners' building permit, and they were unaware of its issuance until November 7, when they returned to the area and witnessed construction of the pole barn. Objectors contend they had 30 days from the date of actual notice, and, therefore, their appeal was timely filed.[4] We disagree.

Section 914.1(a) of the Pennsylvania Municipalities Planning Code (MPC)[5] provides, in relevant part:

> (a) No person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or limit the approval in any manner *unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.*

53 P.S. § 10914.1(a) (emphasis added). In other words, where an objector proves he lacked notice of the issuance of a permit, the 30-day appeal period is tolled until he possesses knowledge or a "reason to believe" the approval was granted. *See Haaf v. Zoning Hearing Bd. of the Twp. of Weisenberg*, 155 Pa.Cmwlth. 608, 625 A.2d 1292 (1993).

■ Generally, zoning officers are not required to provide notice of the issuance

of building permits. *See* Robert S. Ryan, *Pennsylvania Zoning Law and Practice* § 9.4.3 (2001). As a result, members of the public do not usually learn of the issuance of a permit until the landowner commences construction. *Seneca Mineral Co., Inc. v. McKean Twp. Zoning Hearing Bd.*, 124 Pa.Cmwlth. 389, 556 A.2d 496 (1989). When notice of a permit is not provided, the 30-day appeal period does not begin to run until the date when a landowner engages in construction activities, which are inconsistent with the previously permitted use of the property, and are visible to the general public. *Id.*

Here, based on neighbor's testimony, the Board determined construction of the pole barn became visible from Wyoming Avenue and adjoining properties no later than November 1, 2003. As such, the 30-day appeal period contained in Section 914.1(a) of the MPC began to run on that date, making December 1, 2003, the last day to challenge the issuance of Landowners' permit.

Nevertheless, Objectors argue that the 30-day appeal period should not begin to run until November 7, 2003, the date they received actual notice of the building permit. They contend their status as out-of town property owners supports such a result.

■ We reject this argument for legal and practical reasons. First and foremost, actual notice is not a requirement under

---

court is not required to hear the entire matter on its merits, but it need only consider the specific issue de novo. *Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 123 Pa. Cmwlth. 260, 554 A.2d 149 (1989).

4. Although the appeal was filed on the 31st day, Objectors cite 1 Pa.C.S. § 1908, for the proposition that when the 30th day of an appeal period falls on a Sunday, that day is

excluded from the computation of the time limit. As December 7, 2003, was a Sunday, Objectors argue the trial court erred in determining they filed an untimely appeal.

5. Act of July 31, 1968, P.L. 805, *as amended, added by* the Act of Dec. 21, 1988, P.L. 1328, 53 P.S. § 10914.1(a).

the MPC. *Isaacson v. Flanagan,* 74 Pa. Cmwlth. 564, 460 A.2d 884 (1983).[6]

Second, to hold otherwise would create an absurd result. Thus, absentee landowners could enjoy a longer appeal period than those residing near development. Similarly, landowners temporarily absent from an area by reason of employment, vacation, or pressing family business would enjoy differing periods within which to challenge a permit. The resulting lack of predictability would make it impossible for a developer to know when it was safe to incur construction costs. We conclude the provision of Section 914.1(a) was not intended to produce such a result.

The statutory provision reflects the reality that formal notice of permit issuance is often not provided. Rather than formal notice, the event which begins the appeal period is either actual notice of permit issuance or a circumstance which would give a person reason to believe that approval had been given. Here, construction visible to the public was a circumstance which would give a person reason to believe approval had been given. Thus, we decline the invitation to adopt a completely subjective standard; rather, we conclude the standard is ultimately an objective one.

In addition, Appellant argues the trial court erred in denying his request to present additional testimony. Because Appellant is bound to the same appeal period as neighbor and Objectors, he could not possibly prove his December 8 appeal was timely. Further discussion of Appellant's request to offer his testimony about actual notice is therefore unnecessary.

## ORDER

AND NOW, this 7 th day of October, 2005, both orders of the Court of Common Pleas of Luzerne County are hereby **AFFIRMED.**

---

**6.** *Isaacson* concerns an interpretation of Section 915 of the MPC. Section 915 was repealed by the Act of December 21, 1988, P.L. 1329. The time limitations on appeals to the zoning hearing board originally found in Section 915 of the MPC are now found in Section 914.1 of the MPC. The text of Section 914.1 is, for all practical purposes, identical to the language used in Section 915. *Oliver v. Bd. of License and Inspection Review City of Phila.,* 761 A.2d 214 (Pa.Cmwlth.2000).