IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quakertown Holding Corporation,   :
                    Appellant    :
                        :
       v.                :
                        :
Quakertown Borough Zoning Hearing  :
Board, Quakertown Borough and    :  No. 542 C.D. 2021
Quakertown Outdoor, LLC     :  Submitted: June 23, 2022

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE CHRISTINE FIZZANO CANNON, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON        FILED: July 18, 2022

      Quakertown Holding Corporation (Appellant) appeals from the April 29, 2021 Decision and Order of the Court of Common Pleas of Bucks County (trial court) denying Appellant's appeal of the Quakertown Zoning Hearing Board's (Board) Adjudication dated November 1, 2018 (Adjudication), which denied Appellant's land use appeal as untimely. Upon review, we affirm.

## I. Background and Procedural Posture

      This matter concerns a 40-foot-tall electronic advertising billboard (the Billboard) constructed on property located at 1 North West End Boulevard, situated at the intersection of Routes 313 and 309, in Quakertown Borough, Bucks County, Pennsylvania (the Property). *See* Trial Court Pa.R.A.P. 1925(a) Opinion dated June

30, 2021 (Trial Court Opinion) at 1; *see also* Trial Court Decision and Order dated April 29, 2021 (Trial Court Decision) at 1 & 4, Finding of Fact (F.F.) 9. The Property is located in the Quakertown Borough's (Borough) Highway Commercial Zoning District. *See* Trial Court Decision at 4, F.F. 12. Prior to the construction of the Billboard, the primary and sole use of the Property had been the operation of a retail drug store located thereon called Small Town Pharmacy. *See* Trial Court Decision at 4, F.F. 13. The Property abuts a development owned by Appellant and known as Quakertown Plaza Shopping Center (Quakertown Plaza). *See id.* at 3-4, F.F. 4 & 11. Quakertown Outdoor, LLC (Quakertown Outdoor) owns the Billboard, which it constructed on a leased portion of the Property.[1] *See id.* at 4, F.F. 8 & 14.

On January 12, 2017, the Borough granted Quakertown Outdoor building, zoning, and electrical permits required to construct the Billboard at the Property (collectively, the Permits).[2] *See* Trial Court Decision at 5, F.F. 16. Thereafter, Quakertown Outdoor undertook multiple pre-construction tasks in preparation for constructing the Billboard, including marking out the foundation and surveying the area for underground utilities.[3] *See id.* at 5, F.F. 18. On August 28, 2017, Quakertown Outdoor broke ground and commenced actual excavation on the Property to construct the Billboard. *See id.* at 5, F.F. 19. Following the initial

---

[1] Ellen Epstein, a Florida resident, owns the Property. *See* Trial Court Decision at 4, F.F. 10.

[2] In addition to the Permits granted by the Borough, the Pennsylvania Department of Transportation granted further permits required to construct the Billboard. *See* Trial Court Decision at 5, F.F. 16. These permits were displayed on the doors of the Small Town Pharmacy and were otherwise located on the Property throughout the course of the Billboard's construction. *See id.* at 6, F.F. 29.

[3] Quakertown Outdoor also entered into a Monument Display Operating Agreement with the Borough on February 2, 2017. *See* Trial Court Decision at 5, F.F. 17.

excavation, on August 29, 2017, Quakertown Outdoor laid the rebar required to build the Billboard's foundation. *See id.* at 5, F.F. 20. Quakertown Outdoor then poured the first level of the Billboard's concrete foundation on September 18, 2017, followed by the concrete for the foundation's second and third levels on September 20, 2017, and September 29, 2017, respectively. *See id.* at 5-6, F.F. 21-23. On October 6, 2017, Quakertown Outdoor began installing the Billboard's electrical conduit and erected the Billboard's approximately 10-foot-tall cylindrical structure. *See id.* at 6, F.F. 24-25. On October 11, 2017, a welder worked onsite to install steel platforms onto the Billboard's foundation. *See id.* at 6, F.F. 26. To accomplish these construction activities, throughout September and up to October 11, 2017, construction materials and vehicles were continually present at the Property, including stone building materials, rebar materials, heavy equipment, dump trucks, and concrete trucks. *See id.* at 6, F.F. 27. All of these construction activities conducted between the end of August 2017 and October 11, 2017, were visible to the public, as were the resultant constructed structures. *See id.* at 6, F.F. 26.

On November 15, 2017, Appellant filed an appeal with the Board challenging the issuance of the Permits. *See* Trial Court Decision at 1. Following multiple public hearings,[4] the Board issued the Adjudication on November 1, 2018, in which it determined that Appellant had constructive notice of the issuance of the Permits prior to October 16, 2017, and, therefore, the appeal was untimely filed.[5] *See id.* at 2. Appellant timely appealed the Adjudication to the trial court. *See id.*

---

[4] The Board conducted hearings on Appellant's appeal on December 12, 2017, January 18, 2018, February 8, 2018, March 20, 2018, and August 2, 2018. *See* Trial Court Decision at 1-2.

[5] The Borough and Quakertown Outdoor intervened in the trial court appeal on December 11, 2018, and January 11, 2019, respectively. *See* Trial Court Decision at 2.

Following an evidentiary hearing conducted on November 6, 2019, the trial court affirmed the Board's Adjudication by decision and order dated April 29, 2021. *See* Trial Court Decision at 13 & Order; *see also* Trial Court Opinion at 2. Appellant timely appealed to this Court on May 13, 2021.[6] *See* Trial Court Opinion at 2.

## II. Issues

On appeal,[7] Appellant puts forward three claims of alleged error on the part of the trial court. First, Appellant claims that the trial court erred by finding Appellant's appeal to be untimely, because substantial evidence did not exist to

---

[6] Appellant timely complied with the trial court's order to file a statement of matters complained of on appeal. *See* Trial Court Opinion at 2. The trial court likewise complied with its obligation to file an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a). *See* Trial Court Opinion.

[7] "Where the trial court does not accept additional evidence[,] our review is limited to determining whether the Board manifestly abused its discretion or committed an error of law." *Berryman v. Wyoming Borough Zoning Hearing Bd.*, 884 A.2d 386, 388 n.3 (Pa. Cmwlth. 2005) (quoting *Wolter v. Bd. of Supervisors of Tredyffrin Twp.*, 828 A.2d 1160 (Pa. Cmwlth. 2003)). "However, where the trial court accepts additional evidence, our review is limited to determining whether the trial court abused its discretion or committed an error of law." *Id.* (quoting *Crystal Forest Assocs., LP v. Buckingham Twp. Supervisors,* 872 A.2d 206 (Pa. Cmwlth. 2005)). "In addition, we note, where a trial court accepts additional evidence concerning only a single issue, the court is not required to hear the entire matter on its merits, but need only consider the specific issue *de novo.*" *Id.* (citing *Cherry Valley Assocs. v. Stroud Twp. Bd. of Supervisors*, 554 A.2d 149 (Pa. Cmwlth. 1989)). "The zoning hearing board abuses its discretion when it issues findings of fact that are not supported by substantial record evidence[.]" *In re Bartkowski Inv. Grp., Inc.*, 106 A.3d 230, 237-38 (Pa. Cmwlth. 2014).

> Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. The [z]oning [h]earing [b]oard as fact finder is the ultimate judge of credibility and resolves all conflicts in the evidence. If the [z]oning [h]earing [b]oard's findings of fact are based upon substantial evidence, those findings of fact are binding upon this Court for purposes of appellate review.

*Id.* at 238.

4

support the conclusion that Appellant had constructive notice of the issuance of the Permits. *See* Appellant's Brief at 5, 23-31. Second, Appellant claims that the trial court erred by declining to revoke or declare the Permits invalid for the substantive reasons that the Permits (1) were acquired through misleading conduct, (2) were issued as a result of a negotiated contract, (3) had expired by their terms, and (4) were in violation of the Borough's Zoning Ordinance. *See id.* at 5, 31-56. Third, Appellant claims that trial court erred by applying an improper standard and scope of review in reviewing the appeal of the Adjudication. *See id.* at 5-6, 56-59.

### III. Discussion

We first address Appellant's claim that the trial court erred in determining that its appeal was untimely, as it is dispositive.

This Court has long held that

> [t]he timeliness of an appeal and compliance with the statutory provisions which grant the right of appeal go to the jurisdiction of the court to hear and decide the appeal. The courts have no power to extend the period for taking appeals, absent fraud or a breakdown in the court's operation through a default of its officers.

*Iannotta v. Phila. Transp. Co.*, 312 A.2d 475, 476 (Pa. Cmwlth. 1973) (internal citations omitted); *see also Martin v. Zoning Hearing Bd. of W. Vincent*, 230 A.3d 540, 545 (Pa. Cmwlth. 2020) (quoting *Kocher v. Zoning Hearing Bd. of Wilkes-Barre Twp.* (Pa. Cmwlth., No. 81 C.D. 2015, filed Feb. 9, 2016), slip op. at 7 ("Statutory appeal periods are mandatory and may not be extended as a matter of grace or mere indulgence. Appeals filed beyond the appeal period are untimely and deprive the reviewing tribunal of subject matter jurisdiction over the appeals.") (internal citations omitted)).

Section 914.1(a) of the Pennsylvania Municipalities Planning Code[8] (MPC) provides in pertinent part that

> [n]o person shall be allowed to file any proceeding with the board later than 30 days after an application for development, preliminary or final, has been approved by an appropriate municipal officer, agency or body if such proceeding is designed to secure reversal or to limit the approval in any manner *unless such person alleges and proves that he had no notice, knowledge, or reason to believe that such approval had been given.*

53 P.S. § 10914.1(a) (emphasis added). Thus, under the MPC, potential objectors have 30 days from the issuance of the permit in question to file an appeal with the corresponding zoning hearing board unless they prove they had no notice, knowledge, or reason to believe that such approval had been given. *See id.* "It is the objectors' burden to prove that their appeal is timely and that they had no notice, knowledge, or reason to believe that approval had been given." *In re Broad Mountain Dev. Co., LLC*, 17 A.3d 434, 441 (Pa. Cmwlth. 2011). Reviewing courts "consider on an individual or case-by-case basis when each individual [challenger] received notice that a zoning permit had been issued." *Id.* at 443.

Either actual or constructive notice suffices to convey the required notice, knowledge, or reason to believe that such approval had been given. *Broad Mountain*, 17 A.3d at 443. However, we acknowledge that

---

[8] Act of July 31, 1968, P.L. 805, *as amended*, added by the Act of December 21, 1988, P.L. 1329, 53 P.S. § 10914.1(a).

6

> [g]enerally, zoning officers are not required to provide notice of the issuance of building permits.[9] As a result, members of the public do not usually learn of the issuance of a permit until the landowner commences construction. When notice of a permit is not provided, the 30-day appeal period does not begin to run until the date when a landowner engages in construction activities, which are inconsistent with the previously permitted use of the property, and are visible to the general public.

*Berryman v. Wyoming Borough Zoning Hearing Bd.*, 884 A.2d 386, 389 (Pa. Cmwlth. 2005) (internal citations omitted). Otherwise stated, "[r]ather than formal notice, the event which begins the appeal period is either actual notice of permit issuance or a circumstance which would give a person reason to believe that approval had been given." *Id.* at 390. This is an objective standard that can be satisfied by the presence of construction visible to the public. *See id.*; *see also Seneca Min. Co. v. McKean Twp. Zoning Hearing Bd.*, 556 A.2d 496, 499 (Pa. Cmwlth. 1989) (remand ordered to determine when visible construction activity provided constructive notice for purpose of permit appeal timeliness).

---

[9] "[A]ctual notice is not a requirement of the MPC." *Berryman*, 884 A.2d at 389-90. As we have observed:

> [T]o hold otherwise would create an absurd result. Thus, absentee landowners could enjoy a longer appeal period than those residing near development. Similarly, landowners temporarily absent from an area by reason of employment, vacation, or pressing family business would enjoy differing periods within which to challenge a permit. The resulting lack of predictability would make it impossible for a developer to know when it was safe to incur construction costs. We conclude the provision of Section 914.1(a) [of the MPC] was not intended to produce such a result.

*Id.* at 390.

Here, the evidence presented to the Board, which the trial court reviewed in its entirety,[10] revealed the following. The Property is located at arguably one of the more congested and most travelled intersections in the Borough, if not all of Bucks County. *See* Trial Court Decision at 12, Conclusion of Law (CL) 18-19. As discussed *supra*, prior to beginning construction on the Billboard, Quakertown Outdoor conducted a number of pre-construction activities on the Property, including marking out foundations and surveying underground utilities in preparation to construct the Billboard. Excavation for the Billboard foundation began on August 28, 2017, followed by the laying of rebar for the foundation on August 29, 2017. The first, second, and third levels of the Billboard concrete foundation were poured on the 8th, 20th, and 29th of September 2017, respectively. On October 6, 2017, an electric conduit and a 10-foot-tall cylindrical concrete foundation were installed for the Billboard. On October 11, 2017, welders installed steel platforms onto the Billboard's previously-poured concrete foundation. All of these construction activities, and the resultant structures, were clearly visible to the public throughout the construction period. Throughout the project, the Permits were posted on the Small Town Pharmacy and were otherwise located on the Property for inspection. *See* Trial Court Decision at 6, F.F. 29. Additionally, construction materials and vehicles were present on the Property throughout the construction period and in full view of the public.

In addition to the actual construction activities, the evidence adduced before the trial court illustrated that during the period of construction, Quakertown Outdoor's Director of Construction fielded at least five to six inquiries a week

---

[10] *See* Trial Court Opinion at 9.

8

concerning the construction occurring at the Property. *See* Trial Court Decision at 7, F.F. 30. Additionally, an officer of Appellant visited Appellant's adjoining Quakertown Plaza at least monthly during the Billboard's construction and acknowledged that she witnessed at least some construction occurring before November 1, 2017. *See id.* at 7, F.F. 31-32. Further, a separate employee of Appellant, who was charged with both property management responsibilities and construction-related responsibilities at Quakertown Plaza, visited Quakertown Plaza at least weekly to bi-weekly during the course of the Billboard's construction, and had numerous conversations with the Borough's zoning officer in the early Fall of 2017 regarding the construction on the Property. *See id.* at 7, F.F. 33-35.

Based on this evidence, the Board determined that, "based upon the significant construction which took place on the Property, the very latest date Appellant was initially on constructive notice that zoning permits had been issued was October 11, 2017." Trial Court Decision at 10, CL 12. In fact, the trial court continued, further observing that

> [i]t is fair to conclude, based upon the extensive record, that Appellant should be charged with constructive notice of permit issuance as early as August 29, 2017, when rebar for the foundation of the billboard/monument was laid and was openly visible to the general public. There is no doubt, then, that constructive notice to Appellant, triggering its thirty (30) day appeal period, existed much earlier than October 16, 2017, the 30 days-in-advance-date which preceded Appellant's appeal filing date of November 15, 2017.

Trial Court Decision at 10, CL 13.

9

We find no error in the trial court's conclusion that Appellant had constructive notice of the issuance of the Permits by October 11, 2017, at the latest. Putting aside the pre-construction surveying and utility marking activities, the commencement in late August 2017 of construction on the Property provided reason for observers to believe that approval of permits of some kind had been given. Even were we to accept that the initial foundation excavation conducted on August 28, 2017, did not somehow signal to observers the possibility of the issuance of permits regarding construction on the Property, certainly any of the subsequent steps of laying rebar, pouring three layers of concrete to construct the foundation, constructing a 10-foot-tall cylindrical base, and attaching steel platforms to the Billboard's foundation would have given a reasonable person cause to believe that the Borough had given permit approvals of some sort. This is to say nothing of the ongoing presence of the posted Permits themselves, as well as heavy equipment and concrete trucks on the Property from August through October of 2017, which would have been unrelated to the operation of Small Town Pharmacy and therefore would have provided yet further reason to believe permits of some sort had issued. The testimony relating to Appellant's employees' observations and knowledge of the construction occurring at the Property provides further evidence that Appellant had constructive notice of the issuance of Permits at the Property during the Billboard's construction. This evidence illustrates that Appellant had, at a minimum, constructive notice of the issuance of the Permits upon the last of these listed activities (the attaching of steel platforms to the Billboard's foundation), which occurred on October 11, 2017. Even had the appeal period been tolled to that date, Appellant would have then had 30 days from October 11, 2017, or until November 10, 2017, to timely file an appeal with the Board. Appellant failed to file its appeal

within that time. Accordingly, we find no error or abuse of discretion in the trial court's determination that Appellant's filing of the instant appeal on November 15, 2017 was untimely pursuant to Section 914.1(a) of the MPC.

To the extent Appellant claims that the trial court employed an incorrect standard in reviewing the Adjudication, we do not agree. When a trial court accepts evidence in addition to the record created by a zoning hearing board, the trial court is required to conduct a *de novo* review of the matter, complete with its own findings of fact on the case, rather than simply review the zoning hearing board's decision for an abuse of discretion or an error of law. *See DeCray v. Zoning Hearing Bd. of Upper Saucon Twp.*, 599 A.2d 286, 287 (Pa. Cmwlth. 1991) (where trial court receives additional evidence, it decides the case *de novo*, and must set forth appropriate findings of fact to allow for proper appellate review of its decision). That process occurred in this matter. *See generally* Trial Court Opinion. As the trial court explained:

> In the instant matter, we accepted additional evidence, albeit quite limited,[11] and reviewed the evidence pursuant to the *de novo* standard of review. This standard is more rigid than the "abuse of discretion" standard under which the [c]ourt would have examined the matter had no additional evidence been presented. As this [c]ourt stated in our Decision and Order [], since, in its appeal to our [c]ourt, Appellant did not rely upon any additional evidence beyond that which it already presented to the [Board], and since none of Appellant's additionally

---

[11] We note that the transcript of the November 6, 2019 hearing in which the trial court accepted additional evidence in this matter reveals that the additional evidence received was limited to testimony and documents concerning Appellant's underlying substantive arguments in this matter, not the timeliness of the appeal itself. *See* Notes of Testimony, November 6, 2019; Reproduced Record at 353a-408a.

11

presented evidence was pertinent to the decisive issue of timeliness of its appeal, in an abundance of caution, we applied both abuse of discretion and/or error of law standards, along with *de novo* review of the pertinent facts. Ultimately, regardless of the standard under which the facts and the law are reviewed here, the analysis yields the same result: Appellant's appeal to the [Board] was untimely.

Trial Court Opinion at 5-6. Thus, the trial court conducted the very review Appellant claims was lacking. Further, to the extent Appellant's standard of review claim raises a substantive claim regarding whether the construction of the Billboard as an accessory use on the Property constituted a subdivision that would have necessitated approval under the Borough's Subdivision and Land Development Ordinance,[12] it suffers from the same timeliness deficiencies discussed *supra*, and we need not reach this claim.

## IV. Conclusion

For the foregoing reasons, we affirm the decision and order of the Trial Court.[13]

CHRISTINE FIZZANO CANNON, Judge

---

[12] *See* Appellant's Brief at 56-59.

[13] As with the substantive claim possibly contained in Appellant's standard of review argument, because we have determined that the trial court did not err in determining the appeal was untimely, we need not discuss the other substantive claims Appellant attempts to raise in this appeal. *See* Appellant's Brief at 31-56.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Quakertown Holding Corporation,     :
               Appellant        :
                            :
       v.                 :
                            :
Quakertown Borough Zoning Hearing    :
Board, Quakertown Borough and      :     No. 542 C.D. 2021
Quakertown Outdoor, LLC          :

O R D E R

AND NOW, this 18th day of July, 2022, the April 29, 2021 Decision and Order of the Court of Common Pleas of Bucks County is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge